UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
NORMANDY RAFAEL HERNANDEZ MARTINEZ,
individually and on behalf of all others similarly situated,

                              Plaintiff,

        -against-

SKYLIGHT HOLDINGS 2 INC. d/b/a MARKET PLACE by
KEY FOOD, and JUAN IGNACIO PEREZ SR. and JUAN
PEREZ JR., as individuals,

                             Defendants.
------------------------------------------------------------------------X

**COLLECTIVE ACTION COMPLAINT**

**JURY TRIAL REQUESTED**

      Plaintiff **NORMANDY RAFAEL HERNANDEZ MARTINEZ**, individually and on behalf of all others similarly situated (hereinafter referred to as "Plaintiff") by his attorneys at Helen F. Dalton & Associates, P.C., alleges, upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff, through undersigned counsel, bring this action against **SKYLIGHT HOLDINGS 2 INC. d/b/a MARKET PLACE by KEY FOOD, and JUAN IGNACIO PEREZ SR. and JUAN PEREZ JR., as individuals,** (collectively hereinafter, "Defendants") to recover damages for Defendants' egregious violations of state and federal wage and hour laws arising out of Plaintiff's employment with the Defendants located at 615 5th Ave, Brooklyn, NY 11215.

2. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiff seeks compensatory damages and liquidated damages. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

1

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

4. This Court has supplemental jurisdiction over Plaintiff's other state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

7. Plaintiff NORMANDY RAFAEL HERNANDEZ MARTINEZ residing at Bronx, NY 10453 was employed by SKYLIGHT HOLDINGS 2 INC. d/b/a MARKET PLACE by KEY FOOD, from in or around September 2020 until in or around August 2021.

8. Defendant SKYLIGHT HOLDINGS 2 INC. d/b/a MARKET PLACE by KEY FOOD, is a New York domestic business corporation, organized under the laws of the State of New York with principal executive offices located at 615 5th Ave, Brooklyn, NY 11215 and with service of process at 617 5th Ave, Brooklyn, NY 11215.

9. At all relevant times hereto, Defendants JUAN IGNACIO PEREZ SR. and JUAN PEREZ JR. are the owners of SKYLIGHT HOLDINGS 2 INC. d/b/a MARKET PLACE by KEY FOOD.

10. Upon information and belief, Defendants JUAN IGNACIO PEREZ SR. and JUAN PEREZ JR. are agents of SKYLIGHT HOLDINGS 2 INC. d/b/a MARKET PLACE by KEY FOOD.

11. At all times relevant hereto, Defendants JUAN IGNACIO PEREZ SR. and JUAN PEREZ JR. are responsible for overseeing the daily operations of SKYLIGHT HOLDINGS 2 INC. d/b/a MARKET PLACE by KEY FOOD.

12. At all times relevant hereto, JUAN IGNACIO PEREZ SR. and JUAN PEREZ JR. have power and authority over all the final personnel decisions of SKYLIGHT HOLDINGS 2 INC. d/b/a MARKET PLACE by KEY FOOD.

13. At all times relevant hereto, JUAN IGNACIO PEREZ SR. and JUAN PEREZ JR. have the power and authority over all final payroll decisions of SKYLIGHT HOLDINGS 2 INC. d/b/a MARKET PLACE by KEY FOOD, including the Plaintiff.

14. At all times relevant hereto, JUAN IGNACIO PEREZ SR. and JUAN PEREZ JR. have the exclusive final power to hire the employees of SKYLIGHT HOLDINGS 2 INC. d/b/a MARKET PLACE by KEY FOOD, including the Plaintiff.

15. At all times relevant hereto, JUAN IGNACIO PEREZ SR. and JUAN PEREZ JR. have exclusive final power over the firing and terminating of the employees of SKYLIGHT HOLDINGS 2 INC. d/b/a MARKET PLACE by KEY FOOD, including Plaintiff.

16. At all times relevant hereto, JUAN IGNACIO PEREZ SR. and JUAN PEREZ JR. are responsible for determining, establishing, and paying the wages of all employees of SKYLIGHT HOLDINGS 2 INC. d/b/a MARKET PLACE by KEY FOOD, including the Plaintiff, setting their work schedules, and maintaining all their employment records of the business.

17. Accordingly, at all relevant times hereto, Defendants JUAN IGNACIO PEREZ SR. and JUAN PEREZ JR. were Plaintiff's employers within the meaning and the intent of the FLSA, and the NYLL.

18. At all times relevant to the allegations contained in the complaint, Corporate Defendant was, and is, an enterprise engaged in interstate commerce within the meaning of the FLSA in that SKYLIGHT HOLDINGS 2 INC. d/b/a MARKET PLACE by KEY FOOD, (i) has purchased goods, tools, and supplies for its business through the streams and channels of interstate commerce, and has had employees engaged in interstate commerce, and/ or in the production of goods intended for commerce, and handle, sell and otherwise work with goods and material that have been moved in or produced for commerce by any person: and (ii) has had annual gross volume of sales of not less than $500,000.00.

## FACTUAL ALLEGATIONS

19. Plaintiff NORMANDY RAFAEL HERNANDEZ MARTINEZ was employed by SKYLIGHT HOLDINGS 2 INC. d/b/a MARKET PLACE by KEY FOOD as a

butcher, order clerk, stocker and cleaner while performing related miscellaneous duties for the Defendants, from in or around September 2020 until in or around August 2021.

20. During Plaintiff's employment with the Defendants, Plaintiff regularly worked approximately six (6) days per week.

21. Plaintiff NORMANDY RAFAEL HERNANDEZ MARTINEZ regularly worked a schedule of shift beginning at approximately 8:00 a.m. each workday and regularly ending at approximately 6:00 p.m., or later, six (6) days per week, from in or around September 2020 until in or around August 2021.

22. Thus, Plaintiff was regularly required to work approximately sixty (60) hours or more hours each week from in or around September 2020 until in or around August 2021.

23. Plaintiff NORMANDY RAFAEL HERNANDEZ MARTINEZ was paid by Defendants flat weekly of approximately $800.00 per week from in or around September 2020 until in or around August 2021.

24. Although Plaintiff regularly worked approximately sixty (60) hours or more hours each week from in or around September 2020 until in or around August 2021, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours regularly worked over forty (40) hours in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

25. Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by the FLSA and NYLL.

26. Defendants willfully failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

27. Defendants willfully failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

28. Moreover, Defendants were aware that they were not properly compensated Plaintiff as evidenced by other prior lawsuits brought against them in this same Court and thus willfully chose to violate the NYLL and FLSA by not paying Plaintiff proper minimum wages and overtime wages.

29. As a direct result of Defendants' willful violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have receiving for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.

30. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL.

## COLLECTIVE ACTION ALLEGATIONS

31. Plaintiff brings this action on behalf of themselves, and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b).  The employees similarly situated are hereafter, the "Collective Class."

32. Collective Class: All persons who are or have been employed by the Defendants as butchers, stockers, order clerks, cleaners or any other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required overtime wages.

33. Upon information and belief, Defendants employed approximately 20 employees or more during the relevant statutory period who Defendants subject(ed) to similar unlawful payment structures that violated applicable law.

34. Defendants suffered and permitted Plaintiff - and the Collective Class - to regularly work more than forty hours per week without appropriate overtime compensation.

35. Defendants' unlawful conduct herein has been widespread, repeated, and consistent.

36. Defendants had knowledge that the Plaintiff and the Collective Class regularly performed work requiring overtime pay.
37. Defendants' conduct as set forth in this Complaint, was willful and in bad faith - and has caused significant damages to Plaintiff, as well as the Collective Class.
38. Defendants are liable under the FLSA for failing to properly compensate Plaintiff, and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay and proper minimum wage pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.
39. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.
40. The claims of Plaintiff are typical of the claims of the whole putative class.
41. Plaintiff and their counsel will fairly and adequately protect the interests of the putative class.
42. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION

### Overtime Wages Under The Fair Labor Standards Act

43. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.
44. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b) *et seq*.
45. At all times relevant to this action, Plaintiff was engaged in interstate commerce and/or was engaged in the production of goods for/through the channels of interstate commerce within the meaning of 29 U.S.C. §§206(a) and 207(a), *et seq*.

46. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

47. Defendants willfully failed to pay Plaintiff's overtime wages for all hours regularly worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

48. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made any good faith effort to comply with their obligations under the FLSA with respect to the compensation of the Plaintiffs.

49. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, his unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION

### Overtime Wages Under New York Labor Law

50. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

51. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

52. Defendants failed to pay Plaintiff's overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3, *et seq*.

53. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION

**Violation of the Wage Statement Requirements of the New York Labor Law**

54. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.
55. Defendants failed to provide Plaintiff with wage statements, upon each payment of his wages, as required by NYLL §195(3).
56. Defendants are liable to Plaintiff in the amount of $5,000 together with costs and attorneys' fees.

## FOURTH CAUSE OF ACTION

**Violation of the Notice and Recordkeeping Requirements of the New York Labor Law**

57. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.
58. Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).
59. Defendants are liable to Plaintiffs in the amount of $5,000 per Plaintiff, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully request that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiff's rights under the FLSA, the New York Labor Law, and its regulations;
b. Awarding Plaintiff's unpaid overtime wages;
c. Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);
d. Awarding Plaintiff prejudgment and post-judgment interest;
e. Awarding Plaintiff the costs of this action together with reasonable attorneys' fees; and
f. Awarding such and further relief as this court deems necessary and proper.

## **DEMAND FOR TRIAL BY JURY**

 Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all questions of fact raised by the complaint.


Dated October 12, 2023
   Kew Gardens, NY


 *Roman Avshalumov*
Roman Avshalumov (RA 5508)
Helen F. Dalton & Associates, P.C.
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NORMANDY RAFAEL HERNANDEZ MARTINEZ, individually and on behalf of all others similarly situated,

                            Plaintiff,

     -against-

SKYLIGHT HOLDINGS 2 INC. d/b/a MARKET PLACE by KEY FOOD, and JUAN IGNACIO PEREZ SR. and JUAN PEREZ JR., as individuals,

                            Defendants,

## COLLECTIVE ACTION COMPLAINT

*Jury Trial Demanded*

**HELEN F. DALTON & ASSOCIATES, P.C.**
   *Attorneys for the Plaintiff*
   80-02 Kew Gardens Road
   Suite 601
   Kew Gardens, New York 11415
   Phone: (718) 263-9591
   Fax: (718) 263-9598

To:

**Service via Secretary of State:**
**SKYLIGHT HOLDINGS 2 INC.**
**d/b/a MARKET PLACE by KEY FOOD (DOS ID#4249435)**
617 5th Ave, Brooklyn, NY 11215

**Via Personal Service:**
**SKYLIGHT HOLDINGS 2 INC. d/b/a MARKET PLACE by KEY FOOD**
615 5th Ave, Brooklyn, NY 11215
**JUAN IGNACIO PEREZ SR.**
615 5th Ave, Brooklyn, NY 11215
**JUAN PEREZ JR.**
615 5th Ave, Brooklyn, NY 11215

10